## MURPHY v. VELIE MINES CORP. et al.

No. 20432.   Opinion Filed Feb. 4, 1930.

Commissioners' Opinion, Division No. 2.

P. D. Decker, for petitioner.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for respondents.

DIFFENDAFFER, C. This is an original action in this court by petitioner, Benjamin L. Murphy, herein referred to as claimant, to review an order of the State Industrial Commission denying compensation. His employment is conceded to be within the provisions of the Workmen's Compensation Act.

On August 25, 1927, while transporting certain cans of powder from one point to another in the mine in which he was employed, the small car upon which he was riding with a can of powder thereon was derailed and claimant was thrown therefrom, and his claim is that he was struck by the bale or handle on the powder can and thereby received an injury, particularly described as a ventral hernia. Compensation was claimed on account thereof, and after a hearing had, same was denied.

Two questions were presented and both were hotly contested: First, whether claimant in fact suffered the ventral hernia; and second, whether his disability was caused by the accident.

There was much testimony on both questions. Expert witnesses testified, both for and against claimant, as to whether or not he, in fact, suffered the hernia. After considerable evidence was taken, the Commission ordered claimant to Oklahoma City for an examination by Dr. Floyd J. Bolend. The examination was made, and Dr. Bolend filed his report, which is, in part:

"The claimant upon straining pushed out the muscle wall to quite an extent, but the muscles under the skin were unusually firm, rigid and taut, and instead of being ruptured, has, in my opinion, an unusually firm abdominal wall. There was complete function of the lower extremities in all their parts. There was no hydrocele, no varicoale, no inguinal hernia."

His report also shows that claimant was suffering with many ailments entirely disconnected with the alleged ventral hernia, and shows that at the time the examination was made, February 22, 1928, claimant was unquestionably a sick man and in need of medical treatment, and then physically unable to do any work. Some of the ailments from which he was then suffering were kidney trouble, an infected bladder, probably an infected prostate, and sclerosis. Also, what was termed an umbilical hernia, which it is conceded by all is wholly disconnected from the accident of August 25, 1927, the same having been received sometime in January, 1927, and for which no right of compensation is claimed. All the other ailments are conceded not to be of traumatic origin.

Considerable evidence was taken for and against claimant's contention that his disability was caused, at least in part, by the

alleged ventral hernia. With the record thus made, a finding to the effect that claimant's disability as it then existed, and as it has existed since the 8th day of September, 1927, the date when he ceased work, was not due to or caused by any accidental injury received by him on August 25, 1927, and an order denying compensation was entered.

This order was set aside on motion of claimant under a showing that he was then about to enter a hospital at Pittsburg, Kan., for an operation, which would definitely disclose whether or not claimant had a ventral hernia as claimed by him, and the cause was continued for further hearing. Thereafter, and on August 8, 1928, nearly one year after the accident, an operation was performed by Dr. C. H. Smith of Pittsburg, Kan., whose deposition was afterwards taken, in which he testified, in substance, that he found, by the operation, that claimant, in fact, had the ventral hernia, and he also testified as to the many other ailments. He would not venture an opinion as to what had caused the ventral hernia, but said it might have been caused by the accident, Several other witnesses had previously testified that claimant's condition in this regard was probably the result of natural causes, and likely to be present in any man of claimant's age and build, he being a very corpulent man of advanced years (about 58 years old). Thereupon, the Commission made the same finding of fact and order denying compensation, and this proceeding is to review this finding and order.

There is much competent evidence for and against claimant's contention that he suffered the alleged ventral hernia in the accident, and also on the question as to whether or not his disability was a result thereof, or, as found by the Commission, was caused by a result of disease and causes other than the accident.

These findings made on conflicting evidence, under repeated holdings of this court and under the statute, are binding on us.

The petition should be denied, and the order of the State Industrial Commission affirmed.

BENNETT, HALL, JEFFREY, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 6 R. C. L. Supp. p. 1566; 7 R. C. L. Supp. p. 1011. See Workmen's Compensation Acts—C. J. §127, p. 122, n. 40.